UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 P 4: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
                                    )
BIOGEN IDEC INC.        05 ~ 10236 RWZ
and                                 )
SABINE HARNING,                     )
                                    )
        Plaintiffs        MAGISTRATE JUDGE Alexander
                                    )
v.                                  )   Case No. _____
                                    )
PAUL E. NOVAK, Center Director      )
Vermont Service Center, EDUARDO     )
AGUIRRE JR., Director U.S. Citizenship )
And Immigration Service, and THOMAS )
RIDGE, Secretary, U.S. Department of )
Homeland Security,                  )
                                    )
        Defendants.                 )
                                    )
```

RECEIPT # 61900
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. RoM
DATE 2/7/05

## VERIFIED COMPLAINT FOR
## DECLARATORY, MANDAMUS AND INJUNCTIVE RELIEF

### Preliminary Statement

This action is brought to set aside as unlawful, arbitrary and capricious, the U.S.

Citizenship and Immigration Service ("USCIS") refusal to grant plaintiff, Biogen Idec

Inc. ("Biogen Idec"), an extension of its H-1B petition on behalf of plaintiff Sabine

Harning under section 101(a)(15)(H) of the Immigration and Naturalization Act, and the

USCIS refusal to grant Biogen Idec's concurrent request for an extension of Ms.

Harning's H-1B stay pursuant to 8 C.F.R. § 214.1(c)(1).

The USCIS acted arbitrarily and capriciously and not in accordance with law by

improperly including within the six-year statutorily authorized H-1B admission period

time that Ms. Harning spent outside of the United States. The inclusion of time spent

outside the United States is contrary to the Immigration and Naturalization Act and its

implementing regulations, which unequivocally provide that only time spent in the United States counts toward the statutory six-year limit. The inclusion of time spent outside of the United States also contradicts the USCIS forms for extension of H-1B petitions, which forms have the authority of regulations, and prior USCIS determinations.

Biogen Idec and Ms. Harning seek: (i) a preliminary injunction staying the USCIS determination, ordering the USCIS to take no further action with respect to Ms. Harning's immigration status pending the outcome of this proceeding, and permitting Ms. Harning to continue her employment with Biogen Idec; (ii) a declaration that the USCIS determination excluding time spent outside the United States when calculating the six-year limit was arbitrary, capricious and not in accordance with law; and (iii) judgment in Plaintiffs' favor and writs of mandamus ordering the Defendants to grant, *nunc pro tunc*, Plaintiffs' petitions.

### Parties and Jurisdiction

1.      Plaintiff, Sabine Harning, is a citizen of Germany and a resident of Boston, Massachusetts. Ms. Harning claims a right to reside and work in the United States, on a temporary basis, pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b), commonly known as the H-1B visa classification.

2.      Plaintiff, Biogen Idec, is a corporation organized under the laws of the state of Delaware with a principal place of business at 14 Cambridge Center, Cambridge, Massachusetts.

3.      Defendant, Paul E. Novak, is the Director of the Vermont Service Center of the USCIS and is sued in his official capacity. Director Novak oversees the Vermont

-2-

Service Center and is responsible for the adjudication of various applications and petitions seeking benefits under the immigration laws of the United States.

4.     Defendant Eduardo Aguirre, Jr. is the Director of the USCIS and is sued in his official capacity.  Director Aguirre is the head of the USCIS and is charged with the execution and enforcement of the immigration laws of this country.

5.     Defendant Thomas Ridge is the Secretary of the United States Department of Homeland Security and is sued in his official capacity.  The USCIS is a bureau of the Department of Homeland Security, and the Department is charged with overseeing the USCIS and the execution and enforcement of the immigration laws of this country.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the federal laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq. ("INA") and its regulations.  This Court may grant relief pursuant to 5 U.S.C. § 701 et seq. (Administrative Procedures Act ("APA")), 28 U.S.C. § 1361 (Mandamus Act), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants Novak, Aguirre and Ridge are officers of the United States sued for conduct in their official capacity, and the USCIS and Department of Homeland Security are agencies of the United States, and because Plaintiff Sabine Harning resides in this District and Plaintiff Biogen Idec has a principal place of business in this District.

## Facts

**I.    Sabine Harning's Employement at Biogen Idec**

8.    Plaintiff Harning is a pharmacist by training, having received her Pharmacist's license in Germany in December, 1988. In November, 1991, Ms. Harning obtained an Industrial Engineer diploma from the Pforzheim School of Business and Commerce in Pforzheim, Germany.

9.    These credentials have been found to be the equivalent of a Bachelor's degree in Pharmacy and a Bachelor's degree in Business Administration, as awarded by an accredited U.S. college or university.

10.    From 1988 to June 1991, Ms. Harning worked as a retail pharmacist in Pforzheim, Germany. In 1991 she began working for Pfizer GmbH in Karlsruhe, Germany. From October 1994 to October 1998 Ms. Harning held the position of International Product Manager with Schwarz Pharma AG in Monheim, Germany.

11.    On October 30, 1998, Ms. Harning entered the United States pursuant to a valid L-1A visa, and began to work for Schwarz Pharma, Inc. in Milwaukee, Wisconsin as Product Manager of pharmaceutical products.

12.    An L-1A visa is issued pursuant to 8 U.S.C. § 1101(a)(15)(L) and permits foreign citizens to work in the United States as intracompany transferees. The L-1 and H-1B visa classifications both require USCIS approval of an employer's petition demonstrating eligibility for the classification.

13.    On or around July 26, 2002, Biogen, Inc., now Biogen Idec, petitioned the Immigration and Naturalization Service, now the USCIS, to change Ms. Harning's visa

US1DOCS 4936509v2

status from L-1A to H-1B. That petition was granted by the INS on August 9, 2002, and Ms. Harning was permitted to remain in the United States in the H-1B visa classification from August 9, 2002 through November 1, 2004.

14.    The H-1B visa classification is described at 8 U.S.C. § 1101(a)(15)(H) and permits a nonimmigrant to work temporarily in the United States.

15.    From August, 2002 to the present Ms. Harning has worked in the marketing group for Biogen Idec in Cambridge, Massachusetts. Her present title is Senior Manager Marketing.

16.    Biogen Idec, created by the merger of Biogen, Inc. and IDEC Pharmaceuticals Corporation in November, 2003, is a biotechnology company engaged in the development, manufacture and marketing of drugs for human health through genetic engineering.

## II.    Biogen Idec's H-1B Visa Petitions and Ms. Harning's Requests For Extension of Stay

17.    The INA provides that the period of *"authorized admission"* of an alien pursuant to the H-1B visa classification "may not exceed 6 years" ("six-year statutory period"). 8 U.S.C. § 1184(g)(4). Thus, an H-1B alien may be admitted to the United States for six years in the aggregate, but not longer, unless he or she first leaves the United States for one full year. 8 C.F.R. § 214.2(h)(13)(iii)(A).

18.    Time spent in the United States pursuant to an L-1A visa petition is included in the six-year statutory period. 8 C.F.R. § 214.2(h)(13)(i)(B) and (iii)(A).

19.    The INA's implementing regulations, 8 C.F.R. § 214.2(h)(13)(iii)(A), provide that only time spent "*in the United States*" is used to calculate the six-year statutory period.

20.    The H Supplement to USCIS Form I-129 instructs petitioners, in calculating the period of stay permitted in the H visa classification, to "list only those periods in which the alien and /or family members were *actually in the U.S.* on H classification." A copy of the H Supplement to USCIS Form I-129 is attached hereto as Exhibit A.

21.    USCIS Form I-129 and its instructions have the force of regulations pursuant to 8 C.F.R. § 103.2(a)(1) and (b)(1).

22.    The USCIS practice for many years, by the Vermont  Service Center and other Service Centers of the USCIS, has been to grant extensions of H-1B visa petitions to permit an alien to remain in the United States for the full six-year statutory period by recovering time the alien spent outside of the United States during the validity of the H-1B visa petition.

23.    Since her admission to the United States in L-1A status on October 30, 1998, Ms. Harning has been outside of the United States for at least 95 days.

24.    Accordingly, on October 25, 2004, Biogen Idec filed an H-1B nonimmigrant visa petition ("October 2004 Petition") and request for extension of stay on behalf of Ms. Harning requesting that the USCIS extend her stay for 95 days -- from November 2, 2004 to February 4, 2005.  Only with the 95-day extension will Ms.

Harning have had a period of combined L-1A/H-1B authorized admission in the United States of six years.

25.     The six-year statutory period does not apply to an individual whose employer has started the process of applying for permanent residence prior to the fifth anniversary of his or her allowable H-1B time.  Specifically, section 106 of the American Competitiveness in the Twenty-First Century Act of 2000 ("AC-21"), as amended, exempts from the six-year limit an individual in H-1B status if 365 days or more have elapsed since the filing of a labor certification application for that individual, where a labor certification is required or used by the individual to obtain permanent residence through his or her employment.  Section 106 further provides that the Attorney General "shall extend" the stay of such an individual in one-year increments until the labor certification is denied or, if the labor certification is granted, until a final decision is made on the individual's application for permanent residence.

26.     The fifth year anniversary of Ms. Harning's allowable H-1B time, including the 95 days that she and Biogen Idec sought to recapture in the October 2004 Petition, occurred on February 4, 2004.  On December 22, 2003 Biogen Idec filed a labor certification application on Ms. Harning's behalf for the position of Marketing Manager. If Ms. Harning's combined L-1A/H-1B authorized admission includes only the time that she actually spent in the United States, then the filing of this labor certification application will entitle Biogen Idec and Ms. Harning to annual extensions of the Company's H-1B petition and her H-1B status beyond the six-year statutory limit until a decision on her permanent residence application is made.

-7-

27.    On December 22, 2004 – 365 days after the filing of its labor certification application for Ms. Harning – Biogen Idec filed another H-1B nonimmigrant visa petition and request for extension of stay on behalf of Ms. Harning, seeking a seventh year of H-1B status for Ms. Harning under the provisions of AC-21 ("December 2004 Petition"). This petition is pending at the Vermont Service Center and has not been adjudicated. If this Court orders the USCIS to grant the October 2004 Petition *nunc pro tunc*, the December 2004 Petition must be granted in accordance with AC-21.

28.    An individual in H-1B status may continue employment with the H-1B petitioner for up to 240 days after the expiration of the H-1B petition, provided a timely request for extension of stay is filed. If the extension of stay request is denied, employment authorization ceases upon notification of the denial. 8 C.F.R. § 274a.12(b)(20).

29.    On December 29, 2004 Defendant Novak of the Vermont Service Center denied Biogen Idec's October 2004 Petition and refused to permit Biogen Idec and Ms. Harning to recapture time spent outside the United States to complete a full six-year statutory period of H-1B status. Defendant Novak stated that "brief trips abroad for vacation or business are not considered breaks in employment and do count against the six-year H1B limit." A copy of the decision of Defendant Novak is attached hereto as Exhibit B.

30.    Defendant Novak's decision is final for purposes of review under 5 U.S.C. § 704.

31.    The Defendants' position, that brief trips outside the United States may not be recaptured to complete a full six-year statutory period of H-1B status, conflicts

with the plain language of the INA, which expressly provides that only the period of "authorized admission" not exceed six years, the implementing regulation, which provides that only time spent "in the United States" be counted toward the six-year period, and the USCIS's own forms which instruct petitioners to include only time "spent actually in the U[nited] S[tates]".

32.     The Defendants' position is also inconsistent with the position it has taken in other cases, even other cases before the Vermont Service Center, in which it has permitted a petitioner to recapture time spent outside the United States on brief trips for vacation or business.

33.     The Defendants' position is arbitrary and capricious and not in accordance with law.

34.     As a result of Defendant Novak's decision, Ms. Harning is immediately out of status. As an individual whose nonimmigrant status has expired, Ms. Harning would be expected to leave the United States immediately. She is also deportable as a result of Mr. Novak's decision. Further, an individual who has been out of or otherwise violated the terms of a nonimmigrant visa status is ineligible for certain important immigration benefits such as the ability to file an application for adjustment of status under Section 245 of the INA. As an additional result of Mr. Novak's decision, Ms. Harning is not permitted to provide services to Biogen Idec because her permission to work in the United States is dependent on her maintaining valid H-1B status. Finally, Mr. Novak's decision has unlawfully deprived Ms. Harning and Biogen Idec of the ability to obtain extension of Ms. Harning's H-1B visa status beyond the 6-year statutory

limit under AC-21. As a result, both Ms. Harning and Biogen Idec have and will continue to suffer immediate, irreparable and substantial harm and injury.

35. Pursuant to 5 U.S.C. § 706, this Court has the authority to hold unlawful and set aside agency action found to be arbitrary, capricious, or otherwise not in accordance with law.

36. To prevent irreparable injury, pursuant to 5 U.S.C. § 705 and Fed. R. Civ. P. 65, this Court may issue all necessary and appropriate process to postpone the effective date of Defendant Novak's decision to preserve the status and or rights pending conclusion of the review proceedings.

## **Claims for Relief**

WHEREFORE, Plaintiffs respectfully request:

1. A preliminary injunction staying the decision of Defendant Novak and the Vermont Service Center, barring Defendants from taking any action under the immigration laws against Plaintiffs, including, without limitation, any action to deport Ms. Harning, and permitting Ms. Harning to continue her employment with Biogen Idec pending the resolution of this case;

2. An order declaring that the Defendants' refusal to permit Plaintiffs a full 6-years in L-1A/H-1B status in the United States is an error of law, arbitrary and capricious;

3. A writ of mandamus compelling the Defendants to grant, *nunc pro tunc*, an extension of stay and eligibility for employment as an H-1B temporary worker to Plaintiffs to February 4, 2005;

-10-

4.    A writ of mandamus compelling the Defendants to grant an extension of stay and eligibility for employment as an H-1B temporary worker to Plaintiffs for a seventh year to February 4, 2006;

5.    An award of attorney's fees as may be appropriate; and

6.    Such further relief as may be just and reasonable.

US1DOCS 4936509v2

Respectfully Submitted,

BIOGEN IDEC INC and
SABINE HARNING

By their Attorney,

Merriann M. Panarella (BBO #388280)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

And

Philip C. Curtis (BBO# 544939)
CHIN & CURTIS, LLP
75 Federal Street
Boston, MA 02110
(617) 482-1775

Dated:  February 4, 2005

-12-

## VERIFICATION

The undersigned swears under the pains and penalties of perjury that he has read the allegations of this Complaint, and that the factual allegations contained therein, are true and accurate to the best of his knowledge and belief.

Dated: 04 Feb 2005

Biogen Idec Inc.
By: Daniel Char, Associate General Counsel

-13-

U.S. Department of Justice
Immigration and Naturalization Service

OMB No.1115-0168

# Petition for a Nonimmigrant Worker

**START HERE - Please Type or Print.**

**FOR INS USE ONLY**

## Part 1.  Information about the employer filing this petition. If the employer is an individual, use the top name line.  Organizations should use the second line.

| Family Name | | Given Name | Middle Initial |
|---|---|---|---|

Company or Organization Name  **Biogen Idec**

Address - Attn:
Greg Smith, Manager, Int'l Transfers and Relocation Services

| Street Number and Name  14 Cambridge Center | Apt. # |
|---|---|

| City  Cambridge | State or Province  MA |
|---|---|

| Country  USA | Zip/Postal Code   02142 |
|---|---|

IRS Tax #  04-3002117

## Part 2.  Information about this petition. *(See instructions to determine the fee.)*

1.  **Requested Nonimmigrant Classification**
    *(Write classification symbol at right)*     H-1B

2.  **Basis for Classification** *(Check one)*
    a.  ☐  New employment
    b.  ☒  Continuation of previously approved employment without change
    c.  ☐  Change in previously approved employment
    d.  ☐  New concurrent employment

3.  **Prior Petition.** If you checked other than "New Employment" in item 2. (above) give the most recent prior petition number for the worker(s):  EAC-02-250-54200

4.  **Requested Action:** *(Check one)*
    a.  ☐  Notify the office in Part 4 so the person(s) can obtain a visa or be admitted (NOTE: a petition is not required for an  E-1, E-2 or R visa).
    b.  ☐  Change the person(s) status and extend their stay since they are all now in the U.S. in another status (see instructions for limitations).  This is available only where you check "New Employment" in item 2, above.
    c.  ☒  Extend or amend the stay of ther person(s) since they now hold this status.

    **Total number of workers in petition:**     1
    *(See instructions for where more than one worker can be included.)*

## Part 3.  Information about the person(s) you are filing for.

Complete the blocks below.  Use the continuation sheet to name each person included in this petition.

If an entertainment group, give their group name    N/A

| Family Name  HARNING | Given Name  Sabine | Middle Initial  Magdalena |
|---|---|---|

| Date of Birth *(Month/Day/Year)*  01/10/1965 | Country of Birth  Germany |
|---|---|

| Social Security #  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 | A #  None |
|---|---|

If in the United States, complete the following:

| Date of Arrival *(Month/Day/Year)*  10/03/2004 | I-94 #  211010040 11 |
|---|---|

| Current Nonimmigrant Status  H-1B | Expires *(Month/Day/Year)*  11/01/2004 |
|---|---|

*Continued on back.*

**FOR INS USE ONLY (right column)**

Returned

Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

Interviewed
☐ Petitioner
☐ Beneficiary

Class:
# of Workers:
Priority Number:
Validity Dates:  From
To

☐  **Classification**
☐  Consulate/POE/PFI Notified
At:
☐  Extension Granted
☐  COS/Extension Granted

**Partial Approval** *(explain)*

**Action Block**

**To Be Completed by Attorney or Representative, if any**
☒  Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #
NYS, all courts

Form I-129 (Rev. 12/10/01) Y

## Part 4.  Processing Information.

a.  If the person named in Part 3 is outside the U.S. or a requested extension of stay or change of status cannot be granted, give the U.S. consulate or inspection facility you want notified if this petition is approved.

| Type of Office *(Check one):* | ☒ Consulate | ☐ Pre-flight inspection | ☐ Port of Entry |
|---|---|---|---|

| Office Address *(City)*  Frankfurt | U.S. State or Foreign Country  Germany |
|---|---|

Person's Foreign Address
Fliederweg, 7, Melsungen 34212, Germany

b.  Does each person in this petition have a valid passport?
                  ☐ Not required to have passport     ☐ No - explain on separate paper    ☒ Yes

c.  Are you filing any other petitions with this one?                  ☒ No          ☐ Yes - How many? _____

d.  Are applications for replacement/initial I-94's being filed with this petition?    ☒ No          ☐ Yes - How many? _____

e.  Are applications by dependents being filed with this petition?         ☒ No          ☐ Yes - How many? _____

f.  Is any person in this petition in exclusion or deportation proceedings?     ☒ No          ☐ Yes - explain on separate paper

g.  Have you ever filed an immigrant petition for any person in this petition?   ☒ No          ☐ Yes - explain on separate paper

h.  If you indicated you were filing a new petition in Part 2, within the past 7 years has any person in this petition:

   1) ever been given the classification you are now requesting?       ☐ No  N/A       ☐ Yes - explain on separate paper

   2) ever been denied the classification you are now requesting?     ☐ No  N/A       ☐ Yes - explain on separate paper

i.  If you are filing for an entertainment group, has any person in this petition not been with the group for at least 1 year?           ☐ No  N/A       ☐ Yes - explain on separate paper

## Part 5.  Basic information about the proposed employment and employer. *Attach the supplement relating to the classification you are requesting.*

| Job Title  Marketing Manager | Nontechnical Description of Job  Provide strategic direction for product marketing efforts. |
|---|---|

| Address where the person(s) will work if different from the address in Part 1.  Same as Part 1. |
|---|

| Is this a full-time position?  ☐ No - Hours per week  ☒ Yes | Wages per week or per year  $118,000 / year |
|---|---|

| Other Compensation *(Explain)*  Normal company benefits | Value per week or per year  N/A | Dates of intended employment  From: 11/2/2004  To 2/4/2005 |
|---|---|---|

| Type of Petitioner - *Check*  ☐ U.S. citizen or permanent resident  ☒ Organization  ☐ Other - explain on separate paper |
|---|

| Type of Business:  Biopharmaceutical company | Year established:  1978 |
|---|---|

| Current Number of Employees  approximately 4000 (2003) | Gross Annual Income  $679 million (2003) | Net Annual Income  --- |
|---|---|---|

## Part 6.  Signature.  *Read the information on penalties in the instructions before completing this section.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition, and the evidence submitted with it, is all true and correct.  If filing this on behalf of an organization, I certify that I am empowered to do so by that organization.  If this petition is to extend a prior petition, I certify that the proposed employment is under the same terms and conditions as in the prior approved petition.  I authorize the release of any information from my records, or from the petitioning organization's records, which the Immigration and Naturalization Service needs to determine eligibility for the benefit being sought.

| Signature and Title  Manager, Int'l Transfers and Relocation Services | Print Name  Greg Smith | Date  10/21/04 |
|---|---|---|

Please Note:  If you do not completely fill out this form and the required supplement, or fail to submit required documents listed in the instructions, then the person(s) filed for may not be found eligible for the requested benefit, and this petition may be denied.

## Part 7.  Signature of person preparing form, if other than above.

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have any knowledge.

| Signature | Print Name  Gunnar A. Sievert | Date |
|---|---|---|

Firm Name and Address  Chin & Curtis, LLP, 75 Federal Street, Boston, MA  02110-1904

OMB No. 11 15-0168

# H Classification
## Supplement to Form I-129

U.S. Department of Justice
Immigration and Naturalization Service

| Name of person or organization filing petition: | Name of person or total number of workers or trainees you are filing for: |
|---|---|
| Biogen Idec | Sabine Magdalena HARNING |

List the alien's and any dependent family members' prior periods of stay in H classification in the U.S. for the last six years. Be sure to list only those periods in which the alien and/or family members were actually in the U.S. in an H classification. If more space is needed, attach an additional sheet.

Ms. Harning has been in the U.S. in valid H-1B status for various periods since August 9, 2002 pursuant to the H-1B petition of Biogen (EAC-02-250-54200). Please see Rider C of our attorney's filing letter for extensive documentation of Ms. Harning's time spent outside the U.S.

Classification sought (*Check one*):

| | | | | | |
|---|---|---|---|---|---|
| ☐ | H-1A | Registered professional nurse | ☐ | H-1B5 | Athlete |
| ☒ | H-1B1 | Specialty occupation | ☐ | H-1BS | Essential Support Personnel for H-1B entertainer or athlete |
| ☐ | H-1B2 | Exceptional services relating to a cooperative research and development project administered by the U.S. Department of Defense | ☐ | H-2A | Agricultural worker |
| | | | ☐ | H-2B | Nonagricultural worker |
| ☐ | H-1B3 | Artist, entertainer or fashion model of national or international acclaim | ☐ | H-3 | Trainee |
| ☐ | H-1B4 | Artist or entertainer in unique or traditional art form | ☐ | H-3 | Special education exchange visitor program |

## Section 1.  Complete this section if filing for H-1A or H-1B classification.

Describe the proposed duties

Support Biogen Idec's product marketing efforts.  Provide strategic direction, competitive analysis and tools for customer development.  Identify and understand product needs of healthcare professionals and patients that use Biogen Idec's treatments.  Participate in strategic planning for multiple sclerosis therapeutic area.  Responsible for KOL development plan and communication plan, market research, and medical education programs.  Please see Company support letter for more details.

Alien's present occupation and summary of prior work experience

Since 2002: Marketing Manager, Biogen Idec, Cambridge, MA.  November 1998-August 2002: Product Manager, Schwarz Pharma Inc., Milwaukee, WI.  October 1994-October 1998, International Product Manager, Schwarz Pharma AG, Monheim, Germany.  July 1991-September 1994: Management Trainee, Jr. Product Manager and Product Manager, Pfizer GmbH, Karlsruhe, Germany.  December 1988-June 1991: Retail Pharmacist, Pforzheim, Germany.  Please see Company support letter for more details.

*Statement for H-1B specialty occupations only:*

By filing this petition, I agree to the terms of the labor condition application for the duration of the alien's authorized period of stay for H-1B employment.

| Petitioner's Signature | Greg Smith | Date |
|---|---|---|
| X *Greg Smith* | Manager, Int'l Transfers and Relocation Services | 10/21/05 |

*Statement for H-1B specialty occupations and DOD projects:*

As an authorized official of the employer, I certify that the employer will be liable for the reasonable costs of return transportation of the alien abroad if the alien is dismissed from employment by the employer before the end of the period of authorized stay.

| Signature of authorized official of employer | Greg Smith | Date |
|---|---|---|
| X *Greg Smith* | Manager, Int'l Transfers and Relocation Services | 10/21/05 |

*Statement for H-1B DOD projects only:*

I certify that the alien will be working on a cooperative research and development project or a coproduction project under a reciprocal Government-to-governement agreement administered by the Department of Defense.

| DOD project manager's signature | Date |
|---|---|
| | |

## Section 2.  Complete this section if filing for H-2A or H-2B classification.

| Employment is: (*Check one*) | | Temporary need is: (*Check one*) | |
|---|---|---|---|
| ☐ Seasonal | | ☐ Unpredictable | |
| ☐ Peakload | | ☐ Periodic | |
| ☐ Intermittent | | ☐ Recurrent annually | |
| ☐ One-time occurrence | | | |

Explain your temporary need for the alien's services (attach a separate paper if additional space is needed).

*Continued on back.*                    Form I-129 Supplement H (Rev. 12/10/01)Y Page 4

# EXHIBIT A

# EXHIBIT B



.S. Department of Homeland Security
75 Lower Welden Street
St. Albans, VT 05479

**U.S. Citizenship
and Immigration
Services**

DEC 29 2004

BIOGEN IDEC
C/O GUNNAR A SIEVERT ESQ
CHIN & CURTIS LLP
75 FEDERAL STREET
BOSTON MA 02110-1904

A Number:
File Receipt Number: EAC0501850021
Beneficiary: HARNING, SABINE MAGDALENA

Dear Sir/Madam:

On Oct. 25, 2004, you filed a petition to classify the beneficiary under section 101(a)(15)(H)(i)(b) of the
Immigration and Nationality Act.

Section 101(a)(15)(H) of the Act relates to an alien:

> ...(i) who is coming temporarily to the United States to perform services...in a specialty
> occupation described in section 214(i)(1), who meets the requirements of the occupation
> specified in section 214(i)(2), and with respect to whom the Secretary of Labor determines and
> certifies to Attorney General that the intending employer has filed with the Secretary an
> application under 212(n)(1).

Title 8, Code of Federal Regulations, part 214.2(h)(13)(iii) limits the validity of petitions and periods of stay in
the United States for aliens in a specialty occupation to six years. There are no provisions for extension beyond
this sixth year.

Further, an alien may not seek extension, change of status or be readmitted to the United States under section
101(a)(15)(H) or (L) unless the alien has been physically present outside the United States, except for brief trips
for business or pleasure, for the immediate prior year.

You have provided evidence showing that the beneficiary has made several short trips outside the U.S. (none
longer than 12 days) during her six-year period of admission in H and L status. However, brief trips abroad for
vacation or business are not considered breaks in employment and do count against the six-year H1B limit.

S

Page 2
EAC0501850021

The beneficiary has been employed in the United States since Oct. 30, 1999, in H and L status. Therefore, your present petition is hereby denied.

If applicable, the portion of the petition requesting an extension of stay or change of status for the alien is now being denied as the nonimmigrant visa petition filed in the alien's behalf has been denied.

You may appeal this decision by filing a completed Form I-290B with the Vermont Service Center within 30 days from the date of this notice, 33 days if this notice was received by mail. A copy of Form I-290B, Notice of Appeal to the Administrative Appeals Unit, is enclosed for your use. While your appeal will be decided by the Administrative Appeals Unit (AAU) in Washington, DC, it should be sent to the Vermont Service Center with the required fee of $110.00 at the following address:

Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

You may also include a brief or other written statement in support of your appeal. If no appeal is filed within the time allowed, this decision is final.

Sincerely,

*Paul E. Novak Jr.*

Paul E. Novak, Jr.
Center Director

Enclosure(s)

CC:    BIOGEN IDEC
       ATTN GREG SMITH MGR
       14 CAMBRIDGE CENTER
       CAMBRIDGE MA 02142