FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

BIOGEN IDEC INC. )
and )
SABINE HARNING, )   05  10236 RWZ
)
Plaintiffs )
v. )   Case No. _____
)
PAUL E. NOVAK, Center Director )
Vermont Service Center, EDUARDO )
AGUIRRE JR., Director U.S. Citizenship )
And Immigration Service, and THOMAS )
RIDGE, Secretary, U.S. Department of )
Homeland Security, )
)
Defendants. )
)

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and 5 U.S.C. § 705, Plaintiffs, Biogen Idec Inc. ("Biogen Idec") and Sabine Harning hereby move for a preliminary injunction staying the decision of Defendant, Paul E. Novak and the Vermont Service Center and ordering Defendants, Paul E. Novak, Eduardo Aguirre Jr. and Thomas Ridge (collectively "Defendants") and the Vermont Service Center, the United States Citizenship and Immigration Service ("USCIS") and the Department of Homeland Security and their employees, agents, and successors not to take any further action with respect to Ms. Harning's immigration status pending the outcome of this proceeding, and to permit Ms. Harning to continue her employment with Biogen Idec.

USIDOCS 4950256v1

The grounds for this motion, which are set out more fully in the Verified Complaint and accompanying Memorandum of Law, are as follows:

1. Ms. Harning is a nonimmigrant resident of the United States who claims the right to reside and work, on a temporary basis, in the United States pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b), commonly known as the H-1B visa classification. Defendant Novak, the Director of the Vermont Service Center of the USCIS denied Biogen Idec's petition and request for extension of stay on behalf of Ms. Harning, which petition was intended to recapture 95 days that Ms. Harning spent outside the United States.

2. Defendant Novak's decision was arbitrary and capricious and not in accordance with law.

3. Plaintiffs will suffer substantial and imminent irreparable harm if the requested temporary relief is not issued. Plaintiff Harning is out of status and deportable and is unable to continue her employment with Biogen Idec. Biogen Idec is unable to employ Ms. Harning in her position as Senior Manager Marketing.

4. Defendants will suffer no harm as a result of the entering the requested order because it will simply preserve the status quo as existed prior to the decision of Defendant Novak.

5. Plaintiffs' accompanying Memorandum of Law and the Verified Complaint demonstrate the strong likelihood that Plaintiffs will succeed on the merits of its claims.

6. Accordingly, it is appropriate to preserve the status quo until the Court has the opportunity to decide on the merits of the action for declaratory, mandamus and injunctive relief filed with this Court.

Respectfully Submitted,

BIOGEN IDEC INC and
SABINE HARNING

By their Attorney,

/s/ Merriann M. Panarella

Merriann M. Panarella (BBO #388280)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

And

Philip C. Curtis (BBO# 544939)
CHIN & CURTIS, LLP
75 Federal Street
Boston, MA 02110
(617) 482-1775

Dated: February 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the United States Attorney for the District of Massachusetts by hand and the Defendants by mail on this __ day of February, 2005.

_____
MERRIANN M. PANARELLA